

59 Maiden Lane, 6th Floor
New York, NY 10038

Gary J Douglas ᴾ
Michael A London *
Stephanie O'Connor *
Randolph D Janis

Virginia E Anello ^
Rebecca G Newman *
Robin J Bond *
Alicia Ellsayed
Lara J Say *ⁿ
Tate J Kunkle ᵗ
Anne Accettella
Sara Castronuova *

Phone: (212) 566-7500
Fax: (212) 566-7501
www.DouglasAndLondon.com

* Also admitted in NJ
ᴾ Also admitted in PA
^ Also admitted in LA & MA
ⁿ Also admitted in NC
ᵗ Also admitted in CT
ᴸ Admitted only in LA

*The attorney in charge of New Jersey practice is Michael A. London*

July 5, 2023

**VIA ECF & EMAIL**
Hon. Claire C. Cecchi
United States District Court for the District of New Jersey
Martin Luther King, Jr. Bldg.
50 Walnut Street
Newark, New Jersey 07101

  Re: *Proton-Pump Inhibitor Products Liability Litigation (No. II)*
    *2:17-md-2789 (CCC) (MF) (MDL-2789)*
    *Rieder v. AstraZeneca Pharmaceuticals LP, et al. (2:19-cv-00850)*

Dear Judge Cecchi:

  Please accept this letter brief in further support of the Plaintiffs' opposition to Defendant's motion to disqualify Gilbert Moeckel, M.D., Ph.D., a renal pathologist retained by the PSC. Approximately 1-1/2 years after the matter had been fully briefed by both parties, the AstraZeneca Defendants submitted for the first time at oral argument last Thursday, a 12-month-old case, *M&T Bank v. Worldwide Supply*, 2022 WL 16743689 (D.N.J. June 28, 2022) (hereinafter "*M&T*"), for the Court's consideration. As demonstrated below, the *M&T* case submitted by defendants was not as represented at oral argument; rather, it fully supports Plaintiffs' position on this motion.

  **THE FACTS OF *M&T***

  *M&T* is a breach of contract case in which the Plaintiff, a banking entity, had extended a $5,000,000 line of credit to defendant, Worldwide Supply, LLC ("Worldwide Supply"), an electronic sales and repair vendor. When M&T claimed default under the parties' credit agreement, it commenced suit against Worldwide Supply and certain other individuals as "guarantors" of Worldwide Supply. The plaintiff served a report for its banking liability expert on April 7, 2022. On the very same day, defendants objected on the grounds of conflict in that Worldwide Supply

had previously shared confidential information with the same expert. Following a failed meet-and-confer ordered by the Court, defendants informally moved to disqualify Plaintiff's expert.

In support of its motion, Worldwide Supply submitted the sworn testimony of its own counsel that after an initial phone conversation on September 14, 2021, the subject expert had requested that she be provided with copies of the pleadings and "a confidential timeline/summary document." On that same day defense counsel sent the following transmittal email to the expert bearing the words: "**ATTORNEY WORK PRODUCT–PRIVILEGED AND CONFIDENTIAL**." *Id*. at *2. [emphasis supplied].

> Nancy: It was a pleasure talking with you about possible engagement as an expert on behalf of the defendants in the above matter. Per our conversation, I am sending you some key documents from our clients' suit here in the District of New Jersey, and ask that after that review, please advise me when you would like to speak further.
>
> ***Per your request, I will also forward a time-line that our client prepar***ed. (We are in the process of preparing key documents binders, but that won't be available for a few weeks.). Thanks.

*Id*. at *2. [emphasis supplied].

Thereafter, Worldwide Supply's counsel sent the requested "time-line summary" to the expert bearing the same "confidential" language and banner as in the prior communication.

The *M&T* Court noted that on a motion to disqualify it must "undertake a two-part inquiry," *citing to Cordy*, 156 F.R.D. at 580, more specifically: (1) whether "it was objectively reasonable" for the first party who retained the expert to believe that a confidential relationship existed; and (2) whether the moving party disclosed any confidential information to the expert at issue. *Id*. at *2-3.

## **THE PSC'S RESPONSE**

During last week's hearing, AstraZeneca argued that it had established a confidential relationship with Dr. Moeckel. As demonstrated more fully below, AstraZeneca's argument fails under the two-part test used by the *M&T* Court because (1) it was patently unreasonable for AstraZeneca to assume it had established a confidential relationship with Plaintiffs' expert; and (2) there was no exchange of "confidential" information between Defendant and Dr. Moeckel.

In *M&T*, the documentary proof clearly establishes that Worldwide provided *confidential* information to the expert at the expert's request, which information was prepared by the party itself and passed to its lawyers. Indeed, the Court's decision to disqualify the expert in that case turned on this finding:

> Here, as already noted, Defendants contend that they submitted a confidential timeline/summary at [the expert's] instruction, which [defense counsel] delivered via email. The Court's review of that document establishes that it is confidential. The timeline/summary bears several of the hallmarks of being privileged. It is a two-page, single-spaced communication containing Defendants' mental impressions of the Complaint and counterclaim,

2

Defendants' anticipated defenses, and references to Defendants' litigation strategy.[1] *Id.* at *4

The basis upon which the *M&T* Court disqualified the banking expert is completely distinguishable from the situation with Dr. Moeckel now before Your Honor. As noted at the hearing, Dr. Moeckel never requested, received, nor reviewed any confidential information from AstraZeneca. Instead, Dr. Moeckel was merely sent a binder of publicly available medical literature. In addition to the dispositive sharing of a client-prepared timeline and "key" documents in *M&T,* the distinctions between that case and this one belies AstraZeneca's claim that it held an objectively reasonable belief of a confidential relationship with Dr. Moeckel.

- Unlike *M&T*, where Defense counsel immediately contacted and objected to Plaintiffs' counsel *on the afternoon the expert was disclosed*, Defendants here did not assert any objection until six months after learning of the PSC's retention of Dr. Moeckel, i.e., when it filed the instant motion;
- Unlike *M&T,* where the immediate objection and motion evidenced belief and real concern about expert conflict, the delay here indicates the opposite. Rather, Defense counsel remained silent about the purported relationship with Dr. Moeckel until several hours into expert's deposition on July 7, 2021, when Defense counsel questioned Dr. Moeckel about it; and
- Unlike *M&T,* where the contact with the expert was made 4 months prior to Plaintiffs contact, AstraZeneca made no attempt to reach out to Dr. Moeckel for nearly 4 years after the initial contact and a period of nearly 3 years since the plaintiffs had retained him.

Taken as a whole, the record does not support Defendants' position that they had an objective, reasonable belief that they had a confidential relationship with Dr. Moeckel. At best, the record suggests that Defendants expressed an interest in working with the expert but never followed up with him nor did they exchange any confidential information with him.

Finally, it should be noted that while the *M&T* Court allowed the Plaintiff sufficient time to obtain a replacement expert (*M&T* at *5), the *Rieder vs. AstraZeneca* matter is set for trial on October 10, 2023; there simply is no time for Plaintiffs to replace him at this point. And, as noted during oral argument, Dr. Moeckel is the only expert who has examined digitalized images of the animal tissue at issue, the significance of which may be the subject of other expert testimony as noted during oral argument last week.

Given that the newly asserted district court case is clearly distinguishable from the case at bar, it is respectfully requested that the Court deny the AstraZeneca Defendants' motion[2] to disqualify Dr. Moeckel.

Respectfully,

*/s/ Stephanie O'Connor*
Stephanie O'Connor

---

[1] The court further noted that the timeline at issue had actually been prepared by the client and not defense counsel.
[2] *Bales vs. AstraZeneca, et al.;* Dkt. 79.

**DOUGLAS & LONDON, P.C.**
59 Maiden Lane, 6th Floor
New York, NY 10038
T: (212) 566-7500
soconnor@douglasandlondon.com
*Plaintiffs' Co-Lead Counsel*

*/s/ Christopher A. Seeger*
Christopher A. Seeger
**SEEGER WEISS LLP**
55 Challenger Road 6th Floor
Ridgefield Park, NJ
212-584-0700
212-584-0799 (fax)
cseeger@seegerweiss.com
*Plaintiffs' Co-Lead Counsel*

cc: Special Master Ellen Reisman
All Counsel via ECF